IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARRETT FREEMAN,<br><br>   *Plaintiff*,<br><br>v.<br><br>JOHN E. WETZEL, *et al*,<br><br>   *Defendants*. | Civil Action No. 2:17-cv-1506<br><br>Hon. William S. Stickman IV<br>Hon. Maureen P. Kelly |

### MEMORANDUM ORDER OF COURT

Plaintiff Garrett Freeman ("Plaintiff"), an inmate, brought suit against Pennsylvania Secretary of the Department of Corrections John E. Wetzel ("Wetzel"), Superintendent Eric Bush ("Bush") of the State Correctional Institution at Pine Grove ("SCI Pine Grove"), SCI Pine Grove, and former SCI Pine Grove Correctional Officer John Barton ("Barton"). (ECF No. 1). In his Amended Complaint, Plaintiff asserts the following two claims pursuant to 18 U.S.C. § 1983: Count I – violation of the Eighth and Fourteenth Amendments against Wetzel, Bush, and SCI Pine Grove; and, Count II – violation of the Eighth and Fourteenth Amendments against Barton in both his official and individual capacity. (ECF No. 15). Former United States District Judge Peter J. Phipps granted Defendants' Motion to Dismiss as to all claims against SCI Pine Grove and the Fourteenth Amendment claim against Wetzel and Bush under Count I. (ECF Nos. 18, 45, and 51). SCI Pine Grove was terminated as a defendant. (ECF No. 51).

After the conclusion of discovery, the remaining Defendants, Wetzel, Bush, and Barton, filed a Motion for Summary Judgment and supporting brief seeking judgment in their favor as to all remaining claims. (ECF Nos. 66 and 67). Following briefing by the parties, the Third Circuit

1

Court of Appeals issued its decision in *Hardy v. Shaikh*, 959 F. 3d 578 (3d. Cir. 2020). Consequently, Magistrate Judge Maureen P. Kelly afforded the parties an opportunity to present additional argument and supplemental briefing. (ECF Nos. 71, 73, 74, and 75). Thereafter, she issued her Report and Recommendation recommending that the Motion for Summary Judgment be granted in part and denied in part. (ECF No. 81). More specifically, she recommended that the motion be denied with respect to whether Plaintiff failed to exhaust his administrative remedies based on the failure to appeal final review, failure to claim monetary relief, and failure to name Wetzel and Bush. (ECF No. 81, pp. 14-26). Magistrate Judge Kelly also recommended that the motion be granted on Plaintiff's Eighth and Fourteenth Amendment claims against Wetzel and Bush at Count I of the Amended Complaint. (ECF No. 81, pp. 26-30). Due to Plaintiff's agreement with Defendants that his claims against Barton should only proceed under the Eighth Amendment, Magistrate Judge Kelly recommended that summary judgment be granted in favor of Defendants as to this portion of Count II of the Amended Complaint. (ECF No. 81, p. 30). Lastly, she recommended that summary judgment be granted in favor of Defendants as to claims against Barton in his official capacity at Count II. (ECF No. 81, pp. 29-30). In conclusion, she recommended that the only claim that should proceed to trial be Plaintiff's Eighth Amendment claim in Count II against Barton. (ECF No. 81, pp. 30-31).

Defendants Wetzel, Bush and Barton filed Objections to the Report and Recommendation only taking issue with the portion of Magistrate Judge Kelly's recommendation that summary judgment be denied on the basis of failure to exhaust administrative remedies. (ECF No. 82, p. 2). Essentially, they do not dispute Magistrate Judge Kelly's recitation of the relevant law, but, rather, her application of the law to the facts of the case. It remains their position that the Pennsylvania Department of Corrections inmate grievance process was available to Plaintiff.

After its independent *de novo* review of the entire record, including the pleadings at issue and the parties' respective arguments, the Court agrees with the analysis of the issues and legal conclusions reached by Magistrate Judge Kelly. The Court hereby DENIES Defendants' Objections. (ECF No. 82).

In regards to Defendants' Objections, the Court concludes, in concert with Magistrate Judge Kelly, that Department of Corrections ("DOC") personnel provided Plaintiff with misleading information that rendered the grievance process "unavailable" to him, and that he satisfied both the objective and subjective prongs of the new test articulated by the Third Circuit Court of Appeals in *Hardy* such that he defeated the failure to exhaust defense (by failing to appeal) raised by Defendants. While the Court is of the position that this holding also defeats Defendants' affirmative defense that Plaintiff failed to exhaust his claim for monetary damages, it nonetheless agrees with Magistrate Judge Kelly that Plaintiff carried his burden of exhaustion as required by DC-ADM 001. As she correctly notes, the Third Circuit has not yet considered whether a prisoner can exhaust administrative remedies through DC-ADM 001. The Court agrees with Magistrate Judge Kelly's position that, in this case, DC-ADM 001 provided an alternative means for Plaintiff to exhaust his claim based on the assault. It agrees that this case represents an instance where the reporting of an incident is not limited by the narrow confines of the DC-ADM 804 grievance steps. DC-ADM 001 provided Plaintiff with an alternative means of notifying the DOC of an assault, and he was not required to include a demand for monetary relief. He exhausted all of his administrate remedies pursuant to DC-ADM 001, and Defendants failed to meet their burden of proof as to Plaintiff's request for monetary damages. Finally, in light of its analysis as to the application of DC-ADM 001, the Court agrees with Magistrate Judge Kelly that Plaintiff exhausted his administrative remedies as to his claims against Wetzel

and Bush. The Court does not find it dispositive that he failed to specifically name them in his grievance in accord with DC-ADM 804. For these reasons, it denies Defendants' Objections.

The Court hereby ADOPTS Magistrate Judge Kelly's Report and Recommendation (ECF No. 81) as its Opinion.

AND NOW, this 8th day of September 2020, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (ECF No. 66) is GRANTED IN PART and DENIED IN PART. Summary judgment is DENIED in favor of Defendants on the basis of Plaintiff's alleged failure to exhaust administrative remedies. Summary judgment is GRANTED in favor of Defendants John E. Wetzel and Eric Bush as to the Eighth and Fourteenth Amendment claims against them at Count I. Defendants John E. Wetzel and Eric Bush are TERMINATED AS PARTIES in this case. Summary judgment is GRANTED in favor of Defendant John Barton as to the official capacity claims in Count II. The only claim that will proceed to trial is Plaintiff's Eighth Amendment claim against Defendant John Barton in his individual capacity at Count II.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE